UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CAROL GIVENS,

        Plaintiff,        :    Case No. 2:23-cv-1330
                                                    Judge Sarah D. Morrison
    v.                                      Magistrate Judge Chelsey M.
                                                    Vascura
JUDGE JOHN VAVRA, *et al.*,
                                               :
        Defendants.

## ORDER

Carol Givens, proceeding *pro se*, filed this case on April 14, 2023, against Judge John Vavra, Mayor Robert Newhart, the Belmont County Sheriff, the Belmont County Property Deed Clerk, the Belmont County Auditor, Magistrate Judge Amy Busic, Clyde Yates, Jr., John D. Longwell, the Village of Shadyside, Greg P. Givens, John Doe I, and Jane Doe I. (ECF No. 2.) Ms. Givens asserts claims against Judge Vavra, Mayor Newhart, the Sheriff, the Property Deed Clerk, the Auditor, and Magistrate Judge Busic in both their individual and official capacities. (*Id.*, PAGEID # 3–4.)

This matter is before the Court on multiple motions.

## I.    MOTIONS TO DISMISS

All Defendants (except for Mr. Givens and the Doe Defendants[1]) have filed Motions to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and/or

---

[1] The Magistrate Judge has recommended that Mr. Givens and the Doe Defendants be dismissed without prejudice due to Ms. Givens's failure to timely effect service of process. (ECF No. 50.) Ms. Givens timely objected. (ECF No. 53.)

12(b)(6). (ECF Nos. 7, 9, 15, 27.) Because subject matter jurisdiction is the threshold issue, the Court begins its analysis under Rule 12(b)(1). *See, e.g.*, *Boyd v. United States*, 932 F. Supp. 2d 830, 834 (S.D. Ohio 2013) (Marbley, J.) ("Subject matter jurisdiction is a threshold matter that a court must decide prior to considering a claim's merits.").

Federal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, … and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). Federal subject matter jurisdiction "can never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

Rule 12(b)(1) provides for dismissal when the court lacks subject matter jurisdiction. Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Defendants here make a facial attack under Rule 12(b)(1), which "questions merely the sufficiency of the pleading[,]" and the Court therefore takes the allegations of the complaint as true and construes them in the light most favorable to the nonmoving party. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816 (6th Cir. 2017) (internal quotation marks omitted); *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). If the allegations establish a federal claim, subject matter jurisdiction exists. However, "conclusory

allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir.2005).

When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction to prevail. *Madison–Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir.1996). In this case, Ms. Givens has not met her burden.

### A. Ms. Givens has not alleged a federal question.

The Sixth Circuit has held that federal courts lack subject matter jurisdiction over complaints that are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion[.]" *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)). Allegations of this nature lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *Id.* at 480.

Ms. Givens, like the plaintiff in *Apple,* puts forth allegations that are "not arguably plausible." *Apple,* 183 F.3d at 479. Her Complaint contains only conclusory assertions of violations of federal law. Although Ms. Givens does reference several amendments to the U.S. Constitution, she makes only vague and unsubstantiated factual allegations that the Defendants conspired to violate her Constitutional rights, including by restricting her movements and "tr[ying] to have [her] detained, or arrested, and dejected out of Shadyside, Ohio," among other alleged acts (ECF No. 2, PAGEID # 14.) Similarly, she contends that Defendants have deprived her of her right to petition the government without providing any factual allegations in

3

support. (*Id.*, PAGEID # 15.) Under the circumstances, the *Apple v. Glenn* doctrine precludes this Court from exercising federal question subject matter jurisdiction over Ms. Givens's claims. *See also Engle v. UHaul*, 208 F.Supp. 3d 844, 846 (S.D. Ohio 2016) (Rice, J.) (holding that conclusory statement alleging federal claim is "woefully insufficient" to establish federal question jurisdiction); *Veasley v. Bryant*, No. 14-2558-JDT-tmp, 2014 WL 4057146, at *5 (W.D. Tenn. Aug. 14, 2015) ("[V]ague, attenuated and unsubstantiated allegations ... are insufficient to establish subject matter jurisdiction in this court.").

      **B.    Ms. Givens has not established diversity jurisdiction.**

Ms. Givens has also failed to demonstrate diversity jurisdiction in this Court. Several of the Defendants challenge the allegation in the Complaint that Ms. Givens is a resident of the State of Florida. (*See, e.g.,* ECF Nos. 7, 7-2, 15.) They provide evidence that she is an Ohio citizen and argue that there is not complete diversity among the parties. (*Id.*) In response, Ms. Givens was required to provide competent proof that she is a resident of Florida. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it."); *see also Kokkonen*, 511 U.S. at 377. But she failed to do so—instead, she merely acknowledges that she is a "permanent occupant" of a property in Shadyside, Ohio. (ECF No. 18, PAGEID # 300.) Ms. Givens has thus failed to meet her burden to establish complete diversity of citizenship.

    **C.    The Court does not address the Defendants' arguments that Ms. Givens has failed to state a claim.**

Having no jurisdiction, the Court need not reach the arguments that Ms. Givens failed to state a claim.

    **D.    Dismissal with Prejudice**

It is true that *pro se* litigants like Ms. Givens "are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991); *see also Whaley v. Experian Info. Sols., Inc.*, No. 3:22-CV-356, 2023 WL 7926455, at *1 (S.D. Ohio Nov. 16, 2023) (Newman, J.), *reconsideration denied*, 2024 WL 665613 (S.D. Ohio Feb. 16, 2024) ("The usual remedy is dismissal without prejudice, while granting leave to amend."). Dismissal of a *pro se* plaintiff's complaint "is appropriate only where it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [her] an opportunity to amend [her] complaint would be futile." *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997) (quotation omitted).

Ms. Givens has twice moved to amend her Complaint. (ECF Nos. 16, 32.) Each time, her motions were denied because "she provide[d] no information as to the grounds for amendment, nor [was] it clear from her proposed Amended Complaint what amendment(s) she propose[d]." (ECF No. 34; *see also* ECF No. 24.) Regardless, for the reasons set forth above, amendment of Ms. Givens's Complaint would be futile—her federal claims (or lack thereof) cannot be saved by an amendment.

5

## II.  CONCLUSION

Defendants' Motions to Dismiss for lack of subject matter jurisdiction (ECF Nos. 7, 9, 15, 27) are **GRANTED**, and this action is **DISMISSED** with prejudice. This conclusion renders the pending Report and Recommendation (ECF No. 50) and Ms. Givens's pending motions (ECF Nos. 23, 25) **MOOT**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**